FILED

2007 Aug-29  PM 02:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARY LEE STITT,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO.:** |
| **PAYCHEX, INC.,** | ) | |
| **Defendant.** | ) | |

## COMPLAINT

## PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY

### I.   INTRODUCTION

1.   This is an action for declaratory judgment, equitable relief, and money damages instituted to secure the protection and redress the deprivation of rights secured through the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (hereinafter "the ADA").

2.   Plaintiff demands a trial by struck jury pursuant to 42 U.S.C. § 1981(a).

### II.   JURISDICTION and VENUE

3.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

4.   Venue is proper pursuant to 28 U.S.C. § 1391.

5.   Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the Defendant's discriminatory act(s) and filed this action within 90 days of receipt of her Notice of Right to Sue.

Stitt v. Paychex, Inc.
Complaint
Page 2 of 6
_____

### III.    PARTIES

6.      Plaintiff Mary Lee Stitt (hereinafter "Plaintiff") is over the age of nineteen, a citizen of the United States, and a resident of the State of Alabama.  Plaintiff is a qualified individual with a disability as defined by the ADA.

7.      Defendant Paychex, Inc., is an employer as defined by the ADA.

### IV.    FACTS and CAUSES OF ACTION

8.      Plaintiff lives with Multiple Sclerosis.

9.      Plaintiff was hired by Defendant on or about October 31, 2005, as an Associate Sales Representative.

10.      From November 2005 through March 2006, Plaintiff completed an extensive training program with Defendant and performed her duties and responsibilities at a satisfactory level.

11.      On Sunday, April 2, 2006, Plaintiff was admitted to the hospital for complications related to Multiple Sclerosis.

12.      On Sunday, April 2, 2006, Plaintiff called her supervisor, Carol Helton, told Helton she had been admitted to the hospital, and informed Helton she had Multiple Sclerosis.

13.      On Monday, April 3, 2006, Helton and Tamera Stapleton, Zone Manager for Defendant, called Plaintiff and asked Plaintiff why she had not previously informed them she had Multiple Sclerosis.

14.      On Monday, April 4, 2006, Plaintiff was released from the hospital.   Plaintiff remained under her doctor's care until April 28, 2006.

Stitt v. Paychex, Inc.
Complaint
Page 3 of 6

_____

15.     On April 28, 2006, Plaintiff called Helton and informed Helton she had been released to return to work on May 1, 2006.

16.     On April 28, 2006, Helton called Plaintiff and told Plaintiff not to return to work until Plaintiff heard back from Helton.

17.     On May 1, 2006, Helton asked Plaintiff to fax a doctor's release to her and told Plaintiff she would call Plaintiff back with instructions.

18.     On May 1, 2006, Plaintiff faxed a release to return to work to Helton.  At 12:38 p.m., Helton called Plaintiff to confirm receipt of the fax.

19.     At 8:26 p.m. on May 1, 2006, Helton and Stapelton called Plaintiff and advised Plaintiff her position had been eliminated and there was no other position available for Plaintiff with Defendant.

## COUNT I

20.     Plaintiff incorporates paragraphs 1-19 as if set out in their entirety herein.

21.     Plaintiff has a disability that impairs one or more major life activities, has a record of such an impairment, and/or Defendant perceived Plaintiff to have such an impairment.

22.     Plaintiff was qualified to work for Defendant as an Associate Sales Representative.

23.     Defendant eliminated Plaintiff's position on the basis of her disability.

24.     Paychex discriminated against Stitt in that Paychex eliminated Stitt's position on the basis of her disability and/or perceived disability in violation of the ADA.

Stitt v. Paychex, Inc.
Complaint
Page 4 of 6

_____

25.     Plaintiff has suffered loss of income, emotional distress, and mental anguish as a result of the Defendants discriminatory policies, practices, procedures, conditions, and customs.

## COUNT II

26.     Plaintiff incorporates paragraphs 1-25 as if set out in there entirety herein.

27.     Plaintiff has a disability that impairs one or more major life activities, has a record of such an impairment, and/or Defendant perceived Plaintiff to have such an impairment.

28.     Plaintiff was qualified to work for Defendant in positions other than Associate Sales Representative.

29.     Defendant selected less qualified employees and/or applicants outside the protected class to fill positions with Defendant.

30.     Paychex discriminated against Stitt in that Paychex failed or refused to reassign Stitt to another position on the basis of her disability and/or perceived disability in violation of the ADA.

31.     Plaintiff has suffered loss of income, emotional distress, and mental anguish as a result of the Defendants discriminatory policies, practices, procedures, conditions, and customs.

## COUNT III

32.     Plaintiff incorporates paragraphs 1-31 as if set out in there entirety herein.

33.     Plaintiff has a disability that impairs one or more major life activities, has a record of such an impairment, and/or Defendant perceived Plaintiff to have such an impairment.

34.     Plaintiff was qualified to work for Defendant in positions other than Associate Sales Representative.

Stitt v. Paychex, Inc.
Complaint
Page 5 of 6

_____

35.     Defendant terminated Plaintiff on the basis of her disability and/or perceived disability.  Defendant does not have a legitimate non-discriminatory reason for terminating Plaintiff.

36.     Paychex discriminated against Stitt in that Paychex terminated Stitt's employment on the basis of her disability and/or perceived disability in violation of the ADA.

37.     Plaintiff has suffered loss of income, emotional distress, and mental anguish as a result of the Defendants discriminatory policies, practices, procedures, conditions, and customs.

## V.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court will take jurisdiction over this action after a trial on the merits:

A.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the Defendant have violated the rights of the Plaintiff as secured by the Americans with Disabilities Act;

B.     Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act;

C.     Enter an Order requiring the Defendant to make the Plaintiff whole by reinstating Plaintiff into the position she would have occupied in the absence of discrimination and awarding her lost wages, compensatory damages, and punitive damages; and

Stitt v. Paychex, Inc.
Complaint
Page 6 of 6
_____

        D.     Plaintiff further prays for such other relief and benefits as the cause of justice may

require including, but not limited to an award of costs, attorneys' fees, and expenses.

Respectfully submitted,


/s/Marry Lee Stitt_____
Mary Lee Stitt, Plaintiff


/s/Scott A. Gilliland_____
Scott A. Gilliland, Counsel for Plaintiff
ASB-6604-L67S

Law Office of Scott Gilliland
111 North 19th Street, Suite 400
Birmingham, Alabama 35203
Telephone: (205) 226-2200
Fax: (205) 226-8020
E-mail: sgilliland@bellsouth.net


**Defendant's Address:**

Paychex, Inc.
3595 Grandview Parkway
Suite 200
Birmingham, Alabama 35243

**Plaintiff will issue a Notice of Lawsuit and Request for Waiver of Service of Summons to the Defendant.**